**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JOHNNY W. MILLER,**

      **Plaintiff,**

**vs.**                          **Case No. 4:13cv506-MW/CAS**

**RAYMOND ELLIS TAYLOR, JR.,**

      **Defendant.**

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se and in forma pauperis, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff is incarcerated in the Florida Department of Corrections. Doc. 8. Plaintiff sues Defendant Raymond Taylor, an attorney from Hilson, Tennessee, who Plaintiff alleges is employed at the National Clemency Project. Doc. 8 at 2. Plaintiff asserts that the Defendant is a member of The Florida Bar and is "licensed to practice law in Florida to represent prisoners in clemency proceedings in the State of Florida." *Id.* Plaintiff alleges the Defendant placed an advertisement in a prison newsletter stating he would represent prisoners who file for clemency. *Id.* Plaintiff states that he hired the Defendant between June and August of 2008 for $750.00. *Id.* at 3. Plaintiff's

allegations suggest that at the time Plaintiff hired the Defendant to represent him, his "[c]lemency motion had been pending for close to 24 months." *Id.* Plaintiff alleges that at some unspecified time in 2010, the Parole Commission denied Plaintiff's "motion for clemency without notice to Mr. Taylor [or] Plaintiff." *Id.* Plaintiff states that Defendant Taylor never responded to Plaintiff's request to explain the ruling. *Id.* Plaintiff alleges that Defendant Taylor took $750.00 from Plaintiff and deprived Plaintiff of his due process rights under the Fourteenth Amendment. *Id.* at 4. Plaintiff also claims the Defendant acted in bad faith and with malicious intent to neglect his representation of Plaintiff and breached their contract. *Id.*

Plaintiff states in the amended complaint that he filed a complaint against the Defendant with The Florida Bar, and reports he "has been filing to request justice through the court and have refused to allow time to pass before responding to all request orders by the court." Doc. 8 at 3. When Plaintiff initiated this lawsuit, he did not provide factual allegations against the Defendant, but instead, submitted a copy of documents from case number 2011 CA 3298, a case from the Second Judicial Circuit Court, in and for Leon County, Florida. Judicial notice is taken of that case which was initiated by Plaintiff and against the Defendant on or about November 21, 2011. The state court docket shows Plaintiff filed a "civil malpractice complaint." Defendant's motion to dismiss for failure to state a cause of action was granted on November 30, 2012, but Plaintiff was provided twenty days in which to submit an amended complaint. Plaintiff submitted a response which appears to have been construed as a motion for rehearing and denied as the court found no reason to recede from its earlier order. Thus, it is apparent that Plaintiff previously litigated his claim against Defendant Taylor.

As Plaintiff was advised in the prior Order, doc. 6, "he may not re-litigate a claim in this Court that he has already litigated in state court."[1]  A federal court gives "preclusive effect to the judgment of a state court provided that two conditions are met: (1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process." Shields v. Bellsouth Adver. & Publ'g Co., Inc., 228 F.3d 1284, 1288 (11th Cir. 2000), *cited in* Quinn v. Monroe County, 330 F.3d 1320, 1329 (11th Cir. 2003).  The doctrine of *res judicata* precludes re-litigation of matters actually or potentially litigated in an earlier lawsuit.  Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999).  Thus, it appears that Plaintiff's state court "malpractice" action presented the same claims[2] raised in this case, or which *could* have been litigated.  It does not matter that this case is claimed to be a breach of contract action and the state case was a malpractice action as both cases appear to be premised on the same facts - that Plaintiff hired the Defendant to represent him and Plaintiff was not granted clemency.  Because it appears

---

[1] Plaintiff indicated that the state case was dismissed on an "unknown" date for an "unknown" reason.  Doc. 1 at 3.  The prior Order advised Plaintiff that it was his "obligation to obtain the information he needs to properly advise this Court as to what happened in the first case."  Doc. 6 at 2-3.  Plaintiff has not provided any further information about this case in the amended complaint.

[2] Claims are part of the same "cause of action" when they "arise out of the same transaction or series of transactions."  In re Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001).  In making this inquiry, it can also be considered whether the prior and recent cases are "based on the same factual predicate or came from the same nucleus of operative fact."  Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1269-1270 (11th Cir. 2002).  The doctrine of *res judicata* is concerned with the substance, and not the form, of the proceedings.  Trustmark Ins. Co., 299 F.3d at 1270.

that Plaintiff has already litigated his claim against Defendant Taylor, this case is likely barred by the doctrine of *res judicata.*

Beyond the likeliness of *res judicata*, this Court does not have jurisdiction over Plaintiff's claims. As Plaintiff was previously advised, *see* doc. 6, in a diversity action brought under 28 U.S.C. § 1332(a), Plaintiff must be a citizen of one state, the Defendant a citizen of another state, and the matter in controversy must exceed $75,000. Plaintiff alleges that he paid the Defendant $750.00 for representation. Plaintiff requests $25,000.00 in compensatory damages. Doc. 8 at 5. Because Plaintiff cannot meet the $75,000.00 jurisdictional requirement, this Court does not have jurisdiction to consider Plaintiff's breach of contract claim.

To the extent Plaintiff's complaint could be liberally construed as alleging a due process claim, the amended complaint fails to state a claim because the Defendant is not a state actor. Representation by public defenders or retained attorneys of persons accused of criminal offenses is not "state action" and thus gives rise to no liability pursuant to § 1983 absent an alleged conspiracy with state actors. Richardson v. Fleming, 651 F.2d 366, 371 (5th Cir. 1981); Slavin v. Curry, 574 F.2d 1256, 1265 (5th Cir. 1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985). Representing a convicted and indigent defendant in clemency proceedings is a task charged by Florida law to a public defender, an attorney appointed by the court, or capital collateral counsel. FLA. STAT. § 27.503(4)(b). It is, thus, action which challenges the State and, thus, is not "state action." Moreover, Plaintiff cannot bring a due process claim concerning the clemency proceedings because "noncapital defendants do not have a liberty interest in traditional state executive clemency, to which no particular claimant is

entitled as a matter of state law." Connecticut Bd. of Pardons v. Dumschat, 452 U.S.

458, 464, 101 S.Ct. 2460, 69 L.Ed.2d 158 (1981), quoted in District Attorney's Office for

Third Judicial Dist. v. Osborne, 557 U.S. 52, 67-68, 129 S.Ct. 2308, 2319 (2009).  The

Eleventh Circuit recently rejected a due process claim concerning clemency

proceedings:

> The Constitution of the State of Florida vests in the Governor, with the approval
> of two of his cabinet members, the discretion to commute the punishment of
> individuals not convicted of treason or impeachment.  Fla. Const. Art. 4, § 8.
> Because clemency is committed to the discretion of the executive, due process
> provides only minimal protections for death-row inmates in the clemency
> process.

Mann v. Palmer, 713 F.3d 1306, 1316 (11th Cir. 2013)(denying motion for stay of

execution), citing Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 289, 118 S.Ct.

1244, 1254, 140 L.Ed.2d 387 (1998).  Plaintiff's amended complaint fails to state a

federal constitutional claim and should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

amended complaint, doc. 8, be **DISMISSED** for lack of subject matter jurisdiction and

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2), and that the order adopting this report and recommendation direct the

Clerk of Court to note on the docket that this cause was dismissed pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 31, 2013.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**